[No. 3,084.]

## JOHN C. HAYES AND JOHN HANCOCK v. GEORGE MARTIN ET AL.

ADVERSE POSSESSION.—An adverse possession does not ripen into a title unless continued for five years.

JUDGMENT FOR DEFENDANT IN EJECTMENT.—If the plaintiff in ejectment shows title, and the defendant relies on adverse possession, and only shows an adverse possession of a part of the demanded premises, a judgment in his favor for all the demanded premises is erroneous.

IDEM.—In such case the Supreme Court cannot direct the Court below what part of the demanded premises to give the defendant judgment for, unless the record contains a correct description of that part of the demanded premises to which the defendant is entitled.

STATUTE OF LIMITATIONS AS TO MEXICAN GRANT.—The pendency of proceedings for the approval of a survey of a Mexican grant of land, does not stop the running of the Statute of Limitations in favor of one in the adverse possession.

CLAIMING LAND ADVERSELY.—One who relies on title by adverse possession, to land included in a Mexican grant, need not show that he claimed adversely to the United States, but it is sufficient if he shows that he claimed adversely to the title on which the plaintiff relies.

EFFECT OF TAX SALE ON STATUTE OF LIMITATIONS.—One who is in the adverse possession of land does not impair his right to rely upon the Statute of Limitations by purchasing the land at a tax sale, unless he makes the purchase for the owner under an agreement to have a lease of the land or a portion thereof, which would amount to a recognition of the owner's title and stop the running of the statute.

APPEAL from the District Court of the Seventeenth Judicial District, County of San Bernardino.

The plaintiffs appealed. The defendant claimed one hundred and sixty acres as a preëmptioner.

The other facts are stated in the opinion.

*Henry Hancock*, for Appellants.

Defendant Martin claims adverse possession of the entire tract, but the evidence confines his possession to two different fields—one of one hundred and sixty, and one of two hundred acres. The verdict gives the defendant the entire tract. The evidence does not sustain the verdict.

*V. E. Howard*, for Respondent.

The proof was that defendant took possession of the land in 1854, built upon and resided upon it, and inclosed a portion of it about that time to the extent of two hundred and sixty acres, and has so occupied it ever since.

It was sufficient that the plaintiffs were excluded from the possession for more than five years before the institution of the suit by a hostile and adverse claim, under the sixth section of the statute. (General Laws, Sec. 434.) Defendant's hostile possession operated the non-possession and disseizin of plaintiffs. It was the adverse possession of the ninth section destroying the legal presumption of seizin or possession under the title. (32 Barb. 263.)

"Wherever the proof is that one in possession holds for himself, to the exclusion of all others, the possession so held must be adverse to all others, whatever relation in privity

of interest he may stand in to others." (*Bradstreet* v. *Huntington*, 5 Peters, 440; Tyler on Ejectment, 874, 891.)

If the claim and possession are adverse to the plaintiff, they are "exclusive of any other right," within the meaning of the statute. They are not subordinate to the title of plaintiff. (*Willlow* v. *Lane*, 37 Barbour, 249.)

It is no answer to the statute that the real title is in another, or in the Government. (*Paige* v. *Fowler*, 31 Cal. 611.)

The statute goes on the ground of the laches of the plaintiff. (3 Wash. R. P. 141.)

*Kewen & Howard* and *H. C. Rolfe*, for Appellants, in reply.

The absoluteness of title awarded by five years possession is ever qualified by the term adverse. Upon the construction of that term is involved the merit of the present case.

So terse and comprehensive is the definition of Justice FIELD, in *McCracken* v. *The City of San Francisco*, 16 Cal., 636, that we cannot refrain from quoting it. He says: "To render possession adverse, so as to set the Statute of Limitations in motion, it must be accompanied with a claim of title; and this claim, when founded upon a written instrument as being a conveyance of the premises, must be asserted by the occupant in good faith, in the belief that he has good right to the premises, and with the intention to hold them against the world. The claim must be absolute— not dependent upon any contingencies, and must be exclusive of any other right."

When parties assert, either by declarations or conduct, the title to property to be in others, the statute cannot, of course, run in their favor. Their possession, under such circumstances, is not adverse.

The defendant's assertion of claim as a preëmptioner prevented the statute from running.

By the Court, RHODES, J.:

This is an action for recovery of the possession of about three thousand acres of land, alleged to be a portion of the Rancho Muscupiabe, situated in San Bernardino County. The defendant Martin, in addition to certain denials which are about equivalent to a general denial, pleads the Statute of Limitations. The other defendants, who allege that they are the tenants and employés of Martin, seem to have dropped out of the case. The jury found a verdict for the defendant.

The plaintiffs for proof of title, rely upon the grant of the rancho, made by Governor Micheltorena in 1843, a decree of confirmation of the claim of the grantee, and mesne conveyances from the grantee to the plaintiffs. An examination of the evidence leaves no doubt that the premises in controversy are within the boundaries of the rancho as granted, and the boundaries mentioned in the decree of confirmation. The jury must have found for the defendant on the issue of adverse possession. But the verdict on that issue cannot be sustained by the record now before us. The evidence does not tend to show that the defendant had the possession of all the premises described in the complaint. It is, however, shown that he had the possession of the Swartwout tract, containing about two hundred acres, at the time when the action was commenced, but it is not proven that he had such possession for the full period of five years, next preceding the commencement of the action. He was therefore not entitled to a verdict for that tract, on the ground of adverse possession.

The only portion of the premises sued for, of which the defendant had the possession for the statutory period of five years, is a tract of about one hundred and sixty acres; and the defendant's counsel suggest that if the judgment is for too much, he may be permitted to release the excess; but

conceding that the evidence showed the adverse possession of a portion of the lands sued for, there is nothing in the pleadings or the evidence, that will enable the Court to describe such portion of land with the requisite degree of certainty. A judgment for the defendant, as to the whole land sued for, could not be sustained, and a judgment for a part, without describing it, so that it might be identified, instead of ending the litigation, would open up new controversies.

As the cause must be remanded for a new trial, some of the questions raised in respect to the operation of the Statute of Limitations may be disposed of.

The plaintiffs, for the purpose of showing that the statute had not run against them, offered evidence to prove that proceedings were still pending for the approval, by the Commissioner of the General Land Office, of the survey of the rancho. The evidence would not work that result. The action was commenced in August, 1868. No new title or right of action, or right of entry, accrued to the plaintiffs after the passage of the Act of April 18th, 1863, amendatory of the Statute of Limitations; and the decree of confirmation of the title was rendered before that date, and the defendant had entered upon the premises before that time. In *San Jose* v. *Trimble*, 41 Cal. 536, the proceedings for a confirmation of the title of the city were still pending, or, in other words, the title of the city had been confirmed, but there had been no final confirmation of the survey, nor had a patent issued, and it was held that the statute would run in favor of the party in the adverse possession.

It is not requisite that a party who relies upon the statute should show that he claims title in hostility to the United States. He may admit title in the United States, either with or without a claim on his part, of the right to acquire the title from the United States, and it is sufficient if he has such possession as is required by the statute, and claims in

hostility to the title which the plaintiff establishes in the action.

A purchase of the rancho by the defendant at a tax sale, would not impair his right to rely upon the Statute of Limitations; but such purchase, if made for the owners of the rancho under an agreement by which he was to have a lease, or the use for any time, of a portion of the rancho, would amount to a recognition of their title, and thus interrupt the meaning of the statute.

Judgment and order reversed and cause remanded for a new trial.

WALLACE, C. J., concurring specially:

I concur in the judgment.