## NORTHERN PAC. R. CO. *v.* KRANICH.

### (*Circuit Court, D. Montana.* November 14, 1892.)

EJECTMENT—ADVERSE POSSESSION—LIMITATION—PUBLIC LANDS.

In ejectment to recover land situated in Montana, an admission in the answer that the title is in the United States is not inconsistent with a plea of the statute of limitation, for possession held in subordination to the title of the United States may be adverse as to all others.

At Law. Action in ejectment by the Northern Pacific Railroad Company against Ernst Kranich. On motion to strike from the answer alleged inconsistent averments. Overruled.

*F. M. Dudley* and *W. E. Cullen*, for plaintiff.

*H. G. McIntire*, for defendant.

KNOWLES, District Judge. Plaintiff commenced a suit against the defendant in the nature of an action of ejectment to recover the possession of certain real estate. The complaint is in the usual form, showing the ownership of plaintiff, the entry and ouster by defendant, and the retention and possession of same by him. The answer denies the ownership of plaintiff, and admits possession in defendant. The answer sets up as new matter the statute of limitation, and also facts showing that the defendant had applied to enter said land under the pre-emption laws of the United States, and the contest upon this application of defendant, and the ruling of the register and receiver of the United States land office at Helena, Mont., in his favor. Plaintiff filed its motion to strike out this clause in said answer setting up the statutes of limitation, on the ground that the same was inconsistent with the allegations in the sixth clause of the answer, which shows that defendant did not claim said land adversely as against the United States, but under and in subordination to its laws, and acknowledged its title to the same.

It is admitted that the general rule is that, in order for one to make out a title by adverse possession, the person so claiming must claim title to the premises possessed as against all others. *McCracken* v. *City*

*of San Francisco*, 16 Cal. 591.   It is true that the decision is limited in this case to the possession maintained under color of title.   But I am un*r*ble to find any difference upon this point as to whether a person enters under color of title or without.   Perhaps a better way of stating the nature of claim as to title that should be made by one claiming adversely land is that he should claim as owner.   The fact that he admits that another is owner, or does not claim title against all others, would generally be insufficient.   There is no doubt that in the answer defendant admits ownership of the property in the United States.   Is there any exception to the general rule I have stated?   I think in all of the western states there is an exception thereto.   If a party claims title to land here against all persons but the United States, that is sufficient. This view is recognized in the cases of *Francoeur* v. *Newhouse*, 43 Fed. Rep. 236; *Hayes* v. *Martim*, 45 Cal. 563; *McManus* v. *O'Sullivan*, 48 Cal. 15.

In this state I am satisfied the rule is well established not to allow, as a plea of title in a third party, a plea of title in the United States. For many years no one in Montana held title to real property against the United States.   The admission, then, that the title to the property was in the United States was not at all inconsistent with the plea of the statute of limitations by defendant as against plaintiff, and the two defenses are not inconsistent.   For these reasons the motion of plaintiff to strike out is overruled.