### JAMES CONVERSE v. L. E. RINGER.

### No. 245.

1. **Limitation of Five Years—Payment of Taxes.**—Under the statute of limitation of five years the payment of taxes must be continuous for the term prescribed; a break in the payment for any one or more years is fatal to the defense.

2. **Ten Years Limitation—Possession.**—Possession under limitation of ten years is not required to be adverse to the world, but only against the true owner of the land. Possession with intent to secure pre-emption and under mistaken belief that the land is vacant, may be adverse against the prior grantee of the land.

3. **Tax Title.**—One in possession without title may strengthen the title by buying in a tax title without abandoning his advantage from prior possession under the statute of limitations. See example.

4. **Improvements in Good Faith.**—A tax deed for land to pay assessment against the unknown owner thereof will support a claim for valuable improvements made by a possessor in good faith.

APPEAL from Lampasas. Tried below before Hon. W. A. BLACKBURN.

*Mathews & Wood,* for appellant.—1. The appellee's vendor, Wallace, in 1876 entered on the land in controversy, believing the same to be vacant, and having filed on 160 acres thereof as a pre-emption; he occupied same, claiming it as a pre-emption, until the 6th day of June, 1880; he then bought the whole tract at a sale for taxes, it having been assessed

as the property of an unknown owner, the tax deed containing the usual clause providing for redemption within two years by the owner. Wallace thereafter claimed the whole tract under said tax deed, until he conveyed the same to appellee, who retained possession thereof until the institution of this suit on August 24, 1889. If the possession was ever adverse it ceased to be adverse on June 6, 1880, when the tax deed was accepted by Wallace, and the court therefore erred in finding that Ringer was entitled to recover the 160 acres under his plea of ten years adverse possession. Chance v. Branch, 58 Texas, 492; Satterwhite v. Rosser, 61 Texas, 171; Link v. Doerfer, 42 Wis., 391, and authorities; Mhoon v. Cain, 77 Texas, 316.

2. To render the limitation of five years available, the defendant must show a deed duly registered, possession and use of the land, and the payment of taxes, all continuously concurrent during the full period. That, and especially the payment of taxes for the full period, not having been shown in this case, the court erred in finding that defendant was entitled to hold the land sued for under his plea of five years adverse possession. Winters v. Laird, 27 Texas, 616; Snowden v. Rush, 76 Texas, 198; Van Sickle v. Catlett, 75 Texas, 404; Mitchell v. Burdett, 22 Texas, 633; Sorley v. Matlock, 79 Texas, 304.

3. The tax deed under which defendant claimed was void, and could not be the foundation of a claim for the value of improvements made in good faith. Rev. Stats., arts. 4711, 4746, 4756, 4758, 4752, 4755; House v. Stone, 64 Texas, 677; Hatchett v. Conner, 30 Texas, 104; Miller v. Brownson, 50 Texas, 597; Pitts v. Booth, 15 Texas, 453; Upshur v. Pace, 15 Texas, 531; Stewart v. Kemp, 54 Texas, 251.

*W. B. Abney*, for appellee.—1. The defendant and those under whom he claims having had peaceable, exclusive, and adverse possession of the 160 acres described in defendant's answer, cultivating, using, and enjoying the same, and continuously claiming to own the same for a period of ten years before the filing of plaintiff's petition, the title of defendant would be complete under the ten year statute of limitation, and could not be defeated by simply showing that within ten years prior to the filing of plaintiff's petition, the party under whom defendant claims title, at a sale for taxes, purchased the 640 acres sued for, which it is shown covers said 160 acres. Wofford v. McKinna, 23 Texas, 36; Richards v. Smith, 67 Texas, 611; Craig v. Cartwright, 65 Texas, 421–424; Stebbins v. Guthrie, 4 Kans., 366; Mass v. Shear, 25 Cal., 38; Cool. on Tax., 350, 351.

2. The vendor of appellee being in the exclusive and continuous adverse possession of the land described in plaintiff's petition from June 6, 1880, the date of his deed from the tax collector, and he and appellee having continued said adverse possession down to August 24, 1889, the date of the filing of plaintiff's petition, their deeds being duly recorded from June

6, 1880, and having paid the taxes for the years 1881, 1882, 1883, 1884, and 1888, appellee was entitled to recover on his plea of five years adverse possession. Wofford v. McKinna, 23 Texas, 36; Richards v. Smith, 67 Texas, 611; Seemuller v. Thornton, 77 Texas, 156; Stebbins v. Guthrie, 4 Kans., 366; Rev. Stats., art. 3193.

3. The deed from H. Wallace and wife to L. E. Ringer was a sufficient foundation to base a claim for pay for improvements made in good faith. House v. Stone, 64 Texas, 682; Johnson v. Schumaker, 72 Texas, 337.

FISHER, Chief Justice.—This suit was instituted on August 24, 1889, by appellant against appellee and J. L. Harvey, in the District Court of Lampasas County, Texas, for the recovery of 640 acres of land in said county, known as the Houston Tap & Brazoria Railway Company survey number 11, described by metes and bounds in the petition, which was in the ordinary form used in actions of trespass to try title.

On November 7, 1889, the defendant Ringer filed his answer, which consisted of general exceptions, general denial, and plea of not guilty, five years statute of limitations to the whole tract, and ten years statute of limitations as to 160 acres of the land (describing the 160 acres), and suggestion of improvements in good faith. The defendant Harvey agreed that judgment might be rendered against him.

The case was tried November 11, 1890, and judgment was rendered in favor of the defendant Ringer, the conclusions of the court, made a part of the judgment, showing that the judgment was based on the pleas and proof of limitations.

Below we set out in full the conclusions of fact found by the trial court, which we adopt as the findings of fact by this court:

"1. I find that this suit was brought on the 24th day of August, 1889, to recover 640 acres of land patented to Fred A. Sawyer, assignee of Houston Tap & Brazoria Railway Company.

"2. Patent was granted to Fred A. Sawyer on the 25th day of March, 1875.

"3. On the 9th day of October, 1875, said Sawyer conveyed to James Converse, the plaintiff, 213⅓ acres of this survey, by deed duly acknowledged, and recorded in Lampasas County, July 17, 1876.

"4. On the 25th day of January, 1886, said Sawyer and wife, Margaret, conveyed 427 acres of this survey to plaintiff by deed recorded February 12, 1886.

"5. That on the 6th day of June, 1880, said survey of 640 acres of land was sold for taxes by George Wolf, sheriff and collector of taxes of Lampasas County, at which sale H. Wallace became the purchaser, and deed to same executed and delivered to the purchaser, and the same recorded on said 6th of June, 1880.

"6. On the 15th day of September, 1882, H. Wallace conveyed said

640 acres survey to the defendant L. E. Ringer; said deed was properly recorded on the 9th day of January, 1883.

" 7.  H. Wallace went into possession of the 160 acres, described in the answer of defendant Ringer, during the year 1876, and remained on it until about October, 1882; that he went on it as a pre-emptor, believing it to be vacant land, and during the time he occupied it he cultivated a portion of it, and claimed the 160 acres as his homestead.

" 8.  That the defendant Ringer took possession of said land immediately after Wallace left it; and that Wallace and Ringer have continuously occupied said land since August, 1876, under the pre-emption claim and deeds herein before described, claiming the property and using the same as their own property.

" 9.  That Ringer enclosed nearly all of the 160 acres in the spring of 1883.

"10.  That the entire 640, except 20 acres in northeast corner, was enclosed on and before the 8th day of January, 1884.

"11.  On the 28th of February, 1882, H. Wallace paid the taxes on the entire 640 tract for the year 1881, and that defendant Ringer duly paid the taxes thereon for the years 1882, 1883, 1884, and 1888, but that he did not pay the taxes for the years 1885, 1886, or 1887.

"12.  On the 14th day of May, 1887, T. W. Toland made a quitclaim deed to J. L. Harvey to the entire tract of 640 acres; but I do not find that Ringer's possession was interrupted by said Harvey.

"13.  I find that defendant Ringer purchased all the land in good faith, and placed on it permanent and valuable improvements, now worth $500.

"14.  That the land is worth $2 per acre without improvements — $1280.

"15.  That the same, including improvements, is worth $1780.

"16.  That the rent of the land without improvements is $20 per annum.

" From the foregoing facts, I conclude that the defendant Ringer is entitled to recover the 160 acres of land described in his petition under his plea of ten years adverse possession; and further find that defendant is entitled to recover all of the land in dispute under his plea of limitations of five years."

*Opinion.* — The court below found that the appellee was entitled to hold and recover 160 acres of the land in controversy under his plea of ten years limitation, as is fully set out and described in his answer.  The judgment of the court does not describe the 160 acres, but it is fully described in the answer of appellee, and the court finds that it, as there described, is entitled to be held by appellee under his plea of ten years limitation.  The judgment of the court below is in favor of appellee for

all of the land in dispute, based upon his pleas of the five and ten years statutes of limitation.

One of the grounds insisted upon by the appellant, in his attack upon the judgment of the court below awarding the land to the appellee by reason of his plea of five years limitation, is, that the evidence in the record and the facts found by the trial court do not show that the taxes were paid by the appellee and him under whom he claims for five consecutive years, as required by the statute in regulating and prescribing the essentials of the five years limitation. The facts show that the taxes were paid for the years 1881, 1882, 1883, 1884, and 1888, and no taxes were paid for the years 1885, 1886, or 1887. In other words, the point presented is, that the payment of taxes must be continuous for the five years prescribed by the statute, and that a break in the payment for any one or more years is fatal to the plea.

We have not been able to discover in any case where this precise question has been passed upon by the courts of this State, but cases can be found that decide what character of registration of the deeds and possession thereunder shall exist in order for one to claim the benefits of the statute. These cases hold, that possession and registration must be continuous for the period of time prescribed by the statute, and that a break in either for any considerable time will defeat an application of the statute. And these cases announce, in a general way, that the rule is, that all of the incidents of the statute must concur and be continued in connection for the time prescribed in order to complete the bar of the statute and the right conferred thereby. Mitchell v. Burdett, 22 Texas, 635; Winters v. Laird, 27 Texas, 618; Snowden v. Rush, 76 Texas, 199; Sorley v. Matlock, 15 S. W. Rep., 261.

The payment of taxes for the period of five years is as much one of the essentials of the statute as possession and registration of the deed under which the defendant prescribes; and in determining the effect of the payment of taxes, or of the failure to pay, we are unable to perceive any reason why a different rule should apply than exists in determining the effect that is given to the matter of registration and possession. The existence of one is as much necessary under the statute as the other, and we believe that the same rule of construction should apply to all.

Holding as we do, we think the judgment of the trial court is erroneous in decreeing to the appellee all the land in controversy under the plea of five years limitation, as the break in the payment of taxes from the years 1884 to 1888 is fatal to that plea.

We now reach the question whether the judgment below can be sustained on the issue raised by the plea of ten years statute of limitations.

The first objection raised by the appellant to the judgment in this respect is, that it appears from the facts and findings of the trial court that Wallace, the appellee's vendor, went into possession of the 160 acres de-

scribed in the plea of ten years limitation, believing it to be vacant land, and that he held possession of said land, intending to acquire it under the pre-emption laws of the State; that a defendant in possession of land thought to be vacant, although as a fact it is not, with the intent and purpose to acquire it from the State under the homestead donation or pre-emption laws, does not hold it adversely to the true owner. This, in brief, is the contention of appellant.

It appears from the facts that the land was patented and not vacant land when Wallace held possession of it; and it further appears, that in order to complete the period of ten years possession, the appellee must connect his possession with that of his vendor, Wallace. The position taken by appellant upon this question finds support in the following cases decided by the courts of this State: Schleicher v. Gatlin, 20 S. W. Rep., 121; Norton v. Collins, 1 Texas Civ. App., 272; Beaumont Lumber Co. v. Ballard, 23 S. W. Rep., 921.

The first case cited relies for authority on the case of Mhoon v. Cain, 77 Texas, 317. This case is more fully reported in 14 Southwestern Reporter, 24, where the facts are given, and from an inspection of the case it will appear that the question now before us was not decided by the court. The decision rested upon the ground that the party in possession held the land with a view to purchase it from the true owner when it was ascertained who he was, and that he made inquiry for the owner with the purpose of buying the land. He and one Stone had agreed that they would join in the purchase of the land from the owner. The court held that possession under such circumstances was not adverse to the owner.

The second case cited relies upon the case of Schleicher v. Gatlin, and the third case noted cites no authority to support it.

In neither of these cases are any reasons given or stated for the rule they announce. And we apprehend that it would be an exceedingly difficult undertaking to give a reason that could justify the rule, or to find any principle of law as a basis for its support. It is true that limitation will not run when the land is vacant and title remains in the State; but such is not the case here, and we can perceive no good reason why one in possession of land under the mistaken belief that it is vacant, asserting an exclusive and adverse claim, having the exclusive use and enjoyment of it under a claim that is hostile to the true owner, may not rely upon such possession in order to prescribe under the ten years statute. Naked possession in hostility to the claim of the true owner is sufficient as a basis for recovery under this statute. Craig v. Cartwright, 65 Texas, 417.

Possession is not required to be adverse to the world, but it is only needful that it be adverse to the true owner or one claiming adversely to the defendant. This principle is illustrated in many instances and cases. Thus the possession of a vendee under an executory contract to

purchase is not adverse to his vendor, but may be adverse to all other claims. Such is the case with reference to the possession by a tenant as to his landlord's title. Same may be said as to the possession by tenants in common, and numerous illustrations might be made in which the possession recognizes the right of some one else, but may be adverse to all others. Suppose that the defendant held actual possession, using and cultivating the land, under A, recognizing and believing that to be the title, when in fact the land was owned by B; would not such possession be adverse to B? Would the fact that defendant is mistaken in believing that A owned the title, and that he had acquired it from A, render his possession as to B less adverse than if he had not been mistaken? The fact that he is in possession, asserting a title or right different from that of the true owner, and opposed to it, is evidence of the hostility of his claim to that of the owner, and that his holding is adverse. The fact that he does not claim adversely to one particular title is no reason why he may not claim adversely to all others. The recognition of the right of one does not involve the consequence of the recognition of the rights of all others. This is recognized in many cases. 17 S. W. Rep., 757; 14 Texas, 76; 62 Texas, 544; 47 Texas, 450; 38 Ala., 606; 39 Conn., 97; 45 Cal., 562; 38 Conn., 519; 49 Am. Rep., 100; 2 Wood on Lim., sec. 260; 21 S. W. Rep., 992; 1 Am. and Eng Encycl. of Law, 276, 232, 286, 287, 303.

The fact that he claims the land as vacant, and under a supposed right acquired from the State, does not defeat an application of this principle. Hayes v. Morton, 45 Cal., 563. While it is true that limitation would not run if the land was vacant, and that when so holding under the supposition that it is vacant, and by his actual occupancy he will acquire it from the State, may exclude the idea that he has any formed design or intention to hold it adversely to other titles of which he at that time was ignorant; still, when such title is urged in defeat of his right, his possession may be given such effect as the manner of his possession and the character of his holding may indicate. In other words, his possession, to be adverse, need not be with the specific purpose and intent to hold adversely, because he may not have formed any intent about that matter; being ignorant of hostile claims, and supposing that the land was vacant, he is not supposed to contemplate the existence of an adverse title of which he is ignorant, and consequently to form any purpose to hold against it. The purpose and intent with which the property is held may be very important in some cases in ascertaining if the possession is or is not adverse. But the express or formed intent to hold adversely is not in all cases essential, for the possessor may be ignorant of the title with which he is subsequently confronted. Under such circumstances, effect should be given to the character and manner of his possession, and if they indicate it was adverse, it should be so de-

·clared, although he has formed no intent to so hold. 1 Am. and Eng. Encycl. of Law, 303.

It is the open assertion of a right inconsistent with and antagonistic to the title or claim of the true owner, with an actual, exclusive possession, using the land as his own, that makes his holding adverse to that title. These are the facts that give character to his possession, and when they are ascertained to exist it ought to be held that his possession is adverse, although he may be mistaken in the fact that the land is vacant, and may not have formed any intent to hold adversely.

But even under the ten years statute it is not necessary that the disseizor should claim to hold by virtue of a title in order to prescribe under that statute. All that is essential is, that he should enter into actual possession, using and holding the land as his own, although he may be a wrongdoer or naked trespasser, without the semblance of title. So that his holding indicates an adverse possession to the owner is all that is required. 38 Conn., 519; 65 Texas, 417.

The fact that the defendant enters and undertakes to hold possession under a certain claim or right which in fact does not exist and about which he is mistaken, does not necessarily defeat his right to hold adversely to claims of others, provided his acts and manner of possession indicate it. 17 S. W. Rep., 757; 1 Am. and Eng. Encycl. of Law, 281, 282; 65 Barb., 428; 2 Wood on Lim., sec. 263; 21 S. W. Rep., 282; 15 S. W. Rep., 1104, 241.

The second objection urged to the judgment in this respect is, that when the appellee's vendor, Wallace, purchased the entire tract of land at tax sale, on June 6, 1880, and accepted as evidence thereof a deed from the ·collector with a redemption clause therein in favor of the right of the true ·owner to redeem within two years, he held under that deed in recognition of the right of the owner, and from that time his possession as to the 160 acres, as well as the entire tract, ceased to be adverse.

We can not give our assent to this proposition. The right created by the statute of limitations of ten years is different and distinct altogether from any right or title the defendant may urge under his plea of the five years limitation. The tax deed was simply before the court in support of the plea of five years limitation and improvements in good faith. Naked possession alone, unaccompanied by any title, was relied upon solely as the basis for the recovery under the ten years statute. No right under that statute was asserted by virtue of the deed, nor was it necessary that any should be asserted under this deed in order to permit a recovery under the ten years statute of limitation to the extent of 160 acres. A purchase of land at a tax sale by the adverse possessor or claimant will not impair his right to rely upon the statutes of limitations. Hayes v. Morton, 45 Cal., 561; Cool. on Tax., 543, 507, 508, 509.

One in possession of land may purchase an outstanding title without

impairing or abandoning his previous right, or even acknowledging the validity of the title so purchased. 1 Am. and Eng. Encycl. of Law, 275; 5 Am. Dec., 329.

His adverse possession is not less hostile to the true title, nor is his right under the statute of limitation as to the 160 acres lost by his attempt to acquire the entire tract by a purchase at tax sale. The attempted purchase does not impair the title held and asserted by a different right. Mather v. Walsh, 17 S. W. Rep., 756; Owens v. Myers, 57 Am. Dec., 693; Mizner v Frazier, 40 Mich., 595; 45 Cal., 562; Blight v. Rochester, 7 Wheat., 548; Barman v. Brandon, 34 Pa. St., 269.

We think the facts support the judgment of the court below to the extent of the recovery of 160 acres of the land described in appellee's plea of the ten years statute of limitation, and the judgment to this extent will be affirmed, and the trial court is instructed to render judgment on said plea in appellee's favor for the land therein described. As to the balance of the land in controversy, the judgment of the trial court is reversed, with instructions to that court to render judgment in favor of appellant; and as to issue raised by the plea of improvements filed by the appellee, to the extent as may have been placed on the land in controversy other than the 160 acres recovered by him, the trial court will proceed to hear the evidence and render such judgment as the law and the facts may warrant. We think the deed, together with the tax deed under which the appellee claims, is sufficient as a basis for the claim of improvements. The appellant's objection to tax deed in this respect can not be sustained. The costs of this appeal are taxed against the appellee.

Delivered January 3, 1894.