MEYER et al. v. UNITED STATES.

(Circuit Court, S. D. New York.   March 8, 1898.)

1. CUSTOMS DUTIES—SARDELLES DE SCANDINAVIE.
    Sardelles de Scandinavie packed in oil in quarter boxes were dutiable at 20 per. cent. ad valorem, under paragraph 211 of the tariff act of 1894, as "fish in cans and packages made of tin, except anchovies and sardines," and were not dutiable at 2½ cents per box, under paragraph 208, as "anchovies or sardines."

2. SAME—KIELER SPRATS.
    Kieler sprats packed in oil in quarter boxes, commercially known as "smoked sardines in oil," were dutiable at 2½ cents a box, under paragraph 208 of the tariff act of 1894, as "sardines packed in oil in quarter boxes," and were not dutiable at 20 per cent. ad valorem, under paragraph 211, as "fish in cases or packages made of tin, except anchovies and sardines."

This was an appeal from a decision of the board of general appraisers affirming the action of the collector of the port of New York in respect to the classification for duty of certain goods imported by Meyer & Lange, the appellants.

Albert Comstick, for appellants.
H. D. Sedgwick, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The merchandise in question comprises two varieties of fish packed in oil, and labeled, respectively, "Kieler Sprotten in Oil," and "Sardelles de Scandinavie." They were classified for duty at 2½ cents per box, under the provisions of paragraph 208 of the act of 1894 for "anchovies and sardines packed in oil in quarter boxes," and were claimed to be dutiable at 20 per cent. ad valorem, under the provisions of paragraph 211 of said act, as "fish in cases or packages made of tin, except anchovies and sardines." There is no competent evidence to support the finding of the board of general appraisers that the sardelles are commercially known as "anchovies," and nothing except dictionary definitions to support the argument of the attorney for the United States that they are sardines. When thus put up, they are commercially known as "sardelles," and are not commercially known or dealt in either as anchovies or sardines. The decision of the board of general appraisers as to the sardelles is reversed.

The other fish are called "Kieler sprats." They are probably neither genuine sardines nor anchovies. This point, however, is not material. The evidence shows that, when pickled and packed in half barrels, they are commercially known as "Norwegian anchovies"; if put up in tins, and labeled "sardines," they are commercially known as "smoked sardines"; and, if labeled "sprats," they are commercially known as sprats. The evidence before the board sufficiently supports the finding that these fish are commercially known as "smoked sardines in oil." The whole evidence tends to show that little fish of this general character, when thus put up in oil in tin boxes, are commercially recognized as belonging to the general class, "sardines," although this particular species, when labeled "sprats," are known as "Kieler sprats." The facts bring the case within the

rule enunciated in Re Herrman, 52 Fed. 941. The decision of the board of general appraisers affirming the act of the collector with reference to sprats is affirmed.