THEODORE MAAS and Another v. ANDREW BURDETZKE.[1]

November 11, 1904.

Nos. 14,102—(138).

**Adverse Possession.**

A person who takes possession of land in the erroneous belief that it is public land, with the intention of holding and claiming it under the federal homestead law, may acquire title thereto by adverse possession as against the true owner.

Action in ejectment in the district court for Winona county. The case was tried before Snow, J., and a jury, which rendered a verdict

[1] Reported in 101 N. W. 182.

in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict and granting a motion for a new trial, plaintiffs appealed. Affirmed.

*H. M. Lamberton* and *Brown, Abbott & Somsen,* for appellants.

*Charles C. Willson* and *Thomas Spillane,* for respondent.

START, C. J.

This is an action commenced October 21, 1901, to recover from the defendant the northeast quarter of section 35 in township 108 north, range 14 west, in the county of Olmsted. The complaint alleged that the plaintiffs were the owners of the land, and that the defendant was in the unlawful possession thereof. The answer denied the allegations of the complaint, and alleged that the defendant had been in the actual, exclusive, and adverse possession of the land for more than fifteen years next before October 1, 1893. The reply denied the alleged adverse possession of the defendant. A trial of the issues resulted in a verdict for the defendant. The plaintiffs made an alternative motion for judgment in their favor or for a new trial. The trial court made its order denying the motion for judgment, and granting a new trial on the ground that the verdict was not justified by the evidence. The plaintiffs appealed from the order.

The plaintiffs claim that they were entitled to judgment in their favor upon the undisputed evidence, as a matter of strict legal right. This claim is based upon the fact that the evidence is substantially conclusive that, when the defendant entered into possession of the land, he did so in the erroneous belief that the title thereto was in the United States, and with the intention of claiming the land under the federal homestead law. In fact, the title to the land had passed out of the United States before the defendant took possession of it. The contention of the plaintiffs is that the legal conclusion follows from such facts that the statute of limitations did not run in defendant's favor, because he did not intend to hold in hostility to the United States. We have, then, this question: Can a person who takes possession of land in the erroneous belief that it is public land, with the intention of holding and claiming it under the federal homestead law, acquire title thereto by adverse possession, as against the true owner?

Section 5134, G. S. 1894, provides that

> No action for the recovery of real property or for the recovery of the possession thereof shall be maintained unless it appears that the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the premises in question within fifteen years before the commencement of the action.

It would seem from this language that the defendant in an action of ejectment might avail himself of the statute of limitations by showing that he had been in the open and exclusive possession of the premises, claiming them adversely to the plaintiff, for the full period of the limitation, although he entered recognizing the claim of a third party thereto, for proof of such fact would necessarily establish the fact that the plaintiff or those under whom he claimed had not been seised or possessed of the premises within fifteen years. See Dean v. Goddard, 55 Minn. 296, 56 N. W. 1060.

On the other hand, it would seem that if the defendant were seeking to recover the premises, as plaintiff, on the ground that he had acquired title by fifteen years' adverse possession, he would be obliged to show that he took and held possession thereof with the intention of holding them for himself, to the exclusion of all others. If there is this suggested distinction between a case where a party pleads adverse possession as a defense, and one in which he as plaintiff asserts title in himself by virtue of his sometime adverse possession of the premises for fifteen years, it would follow in this case that the defendant could in any event invoke in his defense the statute of limitations, for he entered into possession of the premises with the intention of claiming them as against every one except the United States. This necessarily included the plaintiffs and their grantor.

We are not, however, disposed to rest our decision of this appeal on any narrow ground, but upon the answer to be given to the question we have stated. The rule as settled by the decisions of this court as to title by adverse possession is that the disseisor must enter and take possession of the premises with the intention of holding them for himself to the exclusion of all others, and such possession must be actual, open, exclusive, hostile—that is, adverse—and continuous for fifteen years. Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551; Carpenter

v. Coles, 75 Minn. 9, 77 N. W. 424; Cool v. Kelly, 78 Minn. 104, 80 N. W. 861.

Counsel for the plaintiffs contends, in effect, that under this rule the possession of a disseisor can never be adverse to any one if he enters intending to acquire the title of the United States, if it has the title, as he erroneously believes, because the United States is included in the words "to the exclusion of all others," used in stating the rule.

The rule is general in its terms, and the construction of it urged seems to be narrow and unreasonable. Statutes of limitation do not operate against the state or general government unless there be an express provision or necessary implication to that effect, and title to public land cannot be acquired by adverse possession. Now, if a person enters upon land, erroneously believing it to belong to the United States, with the intention of acquiring the title to the exclusion of all others by his entry and settlement under the homestead law, how can it be reasonably claimed that, because he did not further intend to do that which was a legal impossibility, his possession is not adverse, within the true meaning of the rule? It must be held, upon principle and authority, that the rule excludes by necessary implication the United States, and that a person may admit its title to the premises, if any it has, and hold them adversely to the exclusion of all others. 1 Cyc. 1028; Clemens v. Runckel, 34 Mo. 41; Hayes v. Martin, 45 Cal. 559; McManus v. O'Sullivan, 48 Cal. 15; Converse v. Ringer, 6 Tex. Civ. App. 51, 24 S. W. 705; Francoeur v. Newhouse (C. C.) 43 Fed. 236; Northern Pac. R. Co. v. Kranich (C. C.) 52 Fed. 911.

The case of Altschul v. O'Neill, 35 Ore. 202, 58 Pac. 95, which is cited and relied upon by the plaintiffs, is opposed to this conclusion. That case reviews the cases we have cited, and seeks to distinguish them, and to show that, upon principle and authority, there is no exception in favor of the United States, and that, to constitute adverse possession, the disseisor must intend to hold in hostility to its title, if any it has. We have attentively considered this decision, and, notwithstanding our great respect for the learned court making it, we are unable to concur in its conclusion. We accordingly answer the controlling question in this case in the affirmative, and hold that a person who takes possession of land in the erroneous belief that it is

public land, with the intention of holding and claiming it under the federal homestead law, may acquire title thereto by adverse possession as against the true owner.

Order affirmed.