STEWART v. WILLIAMS et al. (No. 5370.)

(Court of Civil Appeals of Texas. Austin. May 6, 1914. Rehearing Denied June 10, 1914.)

1. ADVERSE POSSESSION (§ 18*)—ELEMENTS OF POSSESSION—OCCUPANCY.

Where plaintiffs had been in possession of 160 acres of land adversely for more than ten years before the erection of a house, and continued to claim, use, enjoy, and occupy such land, and had a resurvey made embracing the house, in which they continued to live, the fact that the house was 200 or 300 yards from such 160 acres did not prevent the acquisition of title by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 96–98; Dec. Dig. § 18.*]

2. ADVERSE POSSESSION (§ 52*)—HOSTILE CHARACTER OF POSSESSION—PURCHASE OF TAX TITLE.

Though an adverse claimant of land recognized that he could not hold it as against the state without the payment of taxes, and purchased an outstanding tax title, where he never recognized ownership in any one, and asserted claim to the land during his entire occupancy, his possession was adverse to the true owner.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 259, 262–265; Dec. Dig. § 52.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT AND PROPOSITIONS.

An assignment of error may be ignored, where the proposition thereunder is not germane to the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 1002*)—REVIEW—QUESTIONS OF FACT.

A verdict finding that a tract of land claimed by plaintiffs by adverse possession embraced 160 acres would not be disturbed, where it was based upon conflicting testimony, a mistake in the field notes was apparent upon the face thereof, and it did not appear that the calls upon which defendant relied as showing that the tract contained more than 160 acres were not short of the distances called for.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

5. VENDOR AND PURCHASER (§ 190*)—ESTOPPEL TO DISPUTE VENDOR'S TITLE.

Where plaintiffs had title to land by limitation before receiving a deed from defendant reserving a vendor's lien, they were not estopped by the deed from asserting their adverse title, as the deed was without consideration.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 384–392; Dec. Dig. § 190.*]

6. VENDOR AND PURCHASER (§ 189*)—ESTOPPEL TO DISPUTE VENDOR'S TITLE.

Plaintiffs acquired title to 160 acres of land by adverse possession, and purchased the tax title to 200 acres, including the 160 acres. They thereafter received a deed from defendant, who had acquired the record title to such 200 acres, reserving a vendor's lien, and conveyed 100 acres to W. Held, that the failure to tender to defendant 40 of the 200 acres conveyed by him did not defeat plaintiffs' right to assert their title to the adverse possession of the 160 acres, especially where defendant had recovered judgment against W. for his share of the price for which the 100 acres was sold.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 381–383; Dec. Dig. § 189.*]

7. JUDGMENT (§ 252*)—CONFORMITY TO PLEADINGS—CANCELLATION OF DEED.

Though plaintiffs, in an action to cancel such deed from defendant, did not ask such relief, where W. admitted an indebtedness for the purchase price of the land sold him, and prayed that the court should determine to whom he should pay it, and the evidence clearly showed the pro rata portion belonging to plaintiffs and defendant respectively, the court did not err in so adjudging it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**8. APPEAL AND ERROR (§ 877*)—REVIEW—ERRORS NOT AFFECTING APPELLANT.**

Defendant, having recovered judgment for his share of the purchase money due from W., had no ground of complaint against the judgment for plaintiffs for their share.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

**9. APPEAL AND ERROR (§ 877*)—REVIEW—ERRORS NOT AFFECTING APPELLANT.**

In a suit to cancel a deed reserving a vendor's lien on the ground that the purchaser had title by adverse possession, the vendor could not complain of the judgment in the purchaser's favor for the land in question on the ground that the purchaser had sold a part to a third person, especially as the recovery inured to the benefit of the purchaser's grantee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

Appeal from District Court, Anderson County; Jno. S. Prince, Judge.

Action by Curley Williams and others against J. A. Stewart. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

P. N. Springer, of Palestine, for appellant. Gregg & Brown and Geo. A. Wright, all of Palestine, for appellees.

### Statement of the Case.

RICE, J. On or about the 1st of January, 1890, Curley Williams, appellee herein, purchased from G. W. Hatfield 160 acres of land, together with the improvements thereon, situated in Anderson county, being a part of the Manuel Riondo 11-league grant, which grant was known as the Zacharie land, upon which he and his wife made their home and continuously resided up to the time when this suit was brought. The evidence shows that Foster, the father-in-law of Hatfield, took possession of this tract of land in 1861, and made his home and continued to reside thereon until his death, after which Hatfield acquired it from his estate, and lived upon it until he sold same in January, 1890, to appellee, as above stated. It appears that the land had been surveyed prior to the time it was acquired by appellee Williams, and that the lines and corners thereof had been pointed out to him by Hatfield. At the time appellee purchased it there was a house upon the land in which Foster and Hatfield had lived, and some 15 acres thereof had been fenced and put in cultivation. Williams, after moving upon the land, from year to year put portions thereof in cultivation, amounting in all at the time of the trial to some 60 acres, and built a new house thereon.

In 1898 suit was brought and judgment recovered by the state against the unknown heirs of Zacharie for delinquent taxes on these lands, and thereafter tract No. 9, containing 200 acres, which embraced the land in controversy, was sold at tax sale, and purchased by W. B. Robinson on the 28th of October, 1898, who subsequently, on the 16th of November, 1901, sold same to appellee Williams pursuant to an agreement made with him prior to Robinson's purchase. Thereafter, on the 25th day of February, 1903, appellant, who had previously purchased said grant from the Zacharie heirs, conveyed by two separate deeds to Curley Williams said block No. 9, containing 200 acres of land, for the sum of $350, evidenced by eight promissory vendor's lien notes, six for the sum of $50 each, retaining a vendor's lien on the east half thereof, and two for $25 each, retaining a like lien on the west half of said 200 acres. On the 9th day of April, 1903, appellee, joined by his wife, Roxie Williams, sold to Geo. A. Wright the west half of said 200 acres for the sum of $300 cash, and the assumption by said Wright of said two $25 notes, and this suit was brought by appellees Williams and wife on the 12th of June, 1911, against appellant, to cancel said deeds made by him to Williams and wife, as well as their said notes given for said land, on the ground that said deed was void, because wholly without consideration for this: That appellees, long prior to the execution and delivery thereof, had acquired title to 160 acres of said land by virtue of the three, five, and ten year statute of limitations.

Stewart replied, after general and special exceptions and general denial, that appellee Williams took possession of said land as the tenant of Zacharie, and so continuously held the same; also by cross-action, setting up the sale of the west half thereof by Williams and wife to Wright, who is now claiming the same by virtue thereof, and that, upon his purchase, Wright assumed the payment of said two $25 notes; that said Williams and wife had refused to pay any of said series of notes, and have instituted this suit to cancel same. Wherefore he prayed judgment against said Williams and Wright for said 200 acres of land, for writs of possession, etc. But, if this was denied, then, in the alternative, that he have judgment against Williams for the amount of said six notes, and foreclosure on all of said land, and for joint judgment against Williams and Wright for the amount of said two $25 notes, and for foreclosure against both of them on the west half of said 200 acres, and for order of sale, etc.

Wright answered, admitting that he had purchased the land as charged in the cross-bill of Stewart, and had assumed the payment of said two $25 notes, as therein claimed, and offered to pay the amount due on said notes to whomsoever the court should decree entitled to receive it, praying that the court confirm said sale, and adjudge to whom said money should be paid.

The case was submitted to a jury on special issues, who found in answer thereto: First, that appellees Williams and wife had continued, peaceable, and adverse possession

of the land and premises described in their petition, living on and claiming to own the same, cultivating, using, and enjoying the same, for ten consecutive years or more prior to February 25, 1903; and, second, that said tract of land described in plaintiffs' petition contained 160 acres, and that Williams and wife did not go upon or hold the land under Jackson, the agent of the Zacharies, nor remain on and hold same with the intention of buying it, but paid Hatfield therefor, and only expected to keep the taxes paid—upon which the court rendered judgment for appellees Williams and wife for said 160 acres of land, that the notes executed by Williams to Stewart, so far as they created obligations against Williams, be canceled, and judgment went for Stewart and appellees against George A. Wright in favor of the former for four-tenths of the amount due on the two vendor's lien notes of date February 25, 1903, for the sum of $25 each, amounting to $44.52, with interest and attorneys fees, and in favor of appellees against Wright for six-tenths of the said two last-named notes, together with interest and attorney's fees, amounting to $66.98, with foreclosure of vendor's lien on the west half of said 200 acres of land, which included 60 acres of the 160 so adjudged to appellees, from which judgment appellant alone has appealed.

### Opinion.

[1, 2] The first error assigned complains of the finding of the jury sustaining appellees' plea of ten years' limitation, on the ground that the same is not supported by the evidence, in that it failed to show that the same is the identical land resided upon and claimed by appellee, and failed to show that it was adversely held by appellee; but, on the contrary, that he held the same with the intention of buying it and did buy it. We think that the verdict of the jury finds support in the evidence, and settles this contention against appellant. While it is true that the new house built by appellees lacked some 200 or 300 yards of being upon the original 160 acres purchased from Hatfield, still before its erection the land had been held adversely by appellee, and those under whom he claims for more than ten years; and it also appears that appellees continued to claim, use, enjoy, and occupy the identical land, and had a resurvey made about the time of the tax sale, which did embrace the house in question, where they continued to live. And, while it is further shown that plaintiff recognized the fact that he could not hold the land as against the state without the payment of taxes, and he acquired the tax title by his purchase from Robinson, still at no time is it shown that he ever recognized ownership in any one, but, on the contrary, asserted claim thereto during his entire occupancy. This made his possession, under the doctrine of Converse v. Ringer, 6 Tex. Civ. App. 51, 24 S. W. 705, adverse to that of the true owner, no matter who it might be. That case also holds that a purchase at tax sale does not preclude or impair the right to rely on the statute of limitations.

[3, 4] By the second assignment it is insisted that the verdict is not supported by the evidence, wherein it finds that the land described in plaintiff's petition embraces 160 acres, because appellant asserts that it embraced more than 181 acres. We might ignore this assignment, for the reason that it is not briefed in accordance with the rules, in that the proposition thereunder is not germane thereto; but, waiving this, we think the assignment should be overruled, because it is apparent upon the face of the field notes that there is a mistake therein, and the verdict is based upon conflicting testimony. Be this as it may, however, the calls upon which appellant relies to show that the tract sued for contains more than 160 acres are for definite natural objects, which, if found short of the distances called for, might not embrace more than 160 acres; and, in view of the findings of the jury, the burden to disprove this rested upon appellant, who has failed to discharge it; for which reason we must sustain the verdict and overrule this assignment.

[5, 6] Appellees were not estopped from recovering said land by acceptance of the deed from appellant therefor, as urged by the third assignment, because said deed was made without consideration, it appearing that they, prior to its execution, had acquired title to said 160 acres under the statute of limitation; nor did the fact that they had conveyed to Wright 40 acres out of said 200 acres so conveyed to them by appellant prevent such recovery, notwithstanding they did not tender said 40 acres back to appellant, because the same in no way affected their title to said 160 acres; and, further, because appellant had recovered judgment for his pro rata share of the price for which said 40 acres were sold.

[7] Wright having admitted his indebtedness on said two notes, and prayed that the court should determine to whom he should pay it, and the evidence clearly showing the pro rata portion thereof belonging to appellant and appellees, respectively, the court did not err in so adjudging it, irrespective of whether appellees had asked judgment therefor or not.

[8, 9] Appellant having recovered judgment for his pro rata share of the purchase money of the 100 acres sold by appellees to Wright, with a foreclosure on the land to secure same, he has no just ground of complaint against the judgment in favor of appellees for their pro rata share of the 60 acres embraced in their 160-acre tract; nor has he any right to complain of the judgment in favor of appellees for said 160 acres on the ground that Wright owned 60 acres thereof by reason of their conveyance to him, as Wright was the

only party entitled to make such complaint. Besides this, it is apparent that appellees' recovery in this respect inured to the benefit of Wright; for which reason we overrule the fourth and fifth assignments complaining thereof.

Finding no error in the judgment of the trial court, the same is in all respects affirmed.

Affirmed.