[Civ. No. 29990. First Dist., Div. Three. Apr. 25, 1973.]

UNO IKOLA, Plaintiff, Cross-defendant and Respondent, v.
TED GOFF et al., Defendants, Cross-complainants and Appellants.

## COUNSEL

Fredericks, Swenson & Day, Fredericks & Swenson and Maurice Fredericks for Defendants, Cross-complainants and Appellants.

Maxwell & Allen and Dwight S. Allen for Plaintiff, Cross-defendant and Respondent.

## OPINION

**BROWN (H. C.), J.**—This is an appeal from a judgment awarding damages and quieting title in respondent to the Contact unpatented mining claim located in a federal mining district in Sonoma County. The court quieted title in the appellants to the adjoining Mohawk claim, also an unpatented mining claim. The dispute between the parties concerns the location of the east boundary line of the Contact mine, which boundary forms the west boundary line of the Mohawk claim. The area in dispute involves tunnels, known as the Goff Tunnels, and an access road. The trial court found that both the tunnels and access road were within the boundaries of the Contact mining claim and these were on respondent's property.

Appellants contend (1) that the evidence was insufficient to support the finding that the disputed tunnels and access road are on the Contact claim and (2) that the trial court erred in finding no merit to the defense of the statute of limitations and that appellants had acquired title by adverse possession.

We have examined the record and find that there was substantial evidence to support the trial court's determination that the tunnels and the access road were in the area west of the easterly boundary of the Contact mine. This determination was supported by the testimony of an independent survey made at the request of both litigants and other evidence. There were conflicts in the evidence but the resolution of these conflicts in favor of respondent may not be disturbed on appeal (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]). *Daggett* v. *Yreka Mining etc. Co.*, 149 Cal. 357 [86 P. 968] relied upon by appellants is inapplicable to the

facts before us. In *Daggett,* the boundaries were not maintained so as to enable them to be legally established. Here there was evidence of the existence of the monuments and their location was established by the testimony of witnesses.

Appellants at trial based their claim to title on the further ground of adverse possession.

Respondent would have this court adopt the view that title to a federal mining claim based upon possession may be acquired only pursuant to the provisions of section 38 of title 30 of the United States Code and the implementary section 2301 et seq. of California's Public Resources Code. The perfecting of a mining claim involves the performance of various statutory requirements relating to proper notice of location, posting, etc. (See 33 Cal.Jur.2d, Mines and Minerals, § 53 et seq.) There is a provision in the federal code, however, for establishment of a mining claim based upon possession and working of the claim. This provision, section 38 of title 30 of the United States Code, reads as follows: "Where such person or association, they and their grantors, have held and worked their claims for a period equal to the time prescribed by the statute of limitations for mining claims of the State or Territory where the same may be situated, evidence of such possession and working of the claims for such period shall be sufficient to establish a right to a patent thereto under this chapter . . . *in the absence of any adverse claim;* but nothing in this chapter . . . shall be deemed to impair any lien which may have attached in any way whatever to any mining claim or property thereto attached prior to the issuance of a patent." (Italics added.)

The purpose of section 38 of title 30 of the United States Code (Rev. Stats. 2332) was discussed in *Cole* v. *Ralph,* 252 U.S. 286 [64 L.Ed. 567, 40 S.Ct. 321] as follows: " 'One purpose of section 2332 . . . clearly shown in the history of the proceedings in Congress attending its consideration and passage there, was to lessen the burden of proving the location and transfers of old claims *concerning which the possessory right was not controverted* but the record title to which had in many instances been destroyed by fire or otherwise lost because of the insecurity and difficulty necessarily attending its preservation during the early days of mining operations. . . .

" 'The section was not intended as enacted, nor as now found in the Revised Statutes, to be a wholly separate and independent provision for the patenting of a mining claim.' " (Italics added.) (*Cole* v. *Ralph, supra,* at p. 306 [64 L.Ed. at p. 581].)

Appellants could not have derived title under section 38 of title 30 of the United States Code because of the adverse claim of respondent which existed during the period of possession. "[T]hat land may be open to location, three things are essential: '1st. It must be land containing valuable mineral deposits. 2d. It must belong to the United States. It must be a part of the public domain at the time of the location. 3d. It must be unoccupied and unappropriated by others under claim of right.'" (*South. California Ry. Co. v. O'Donnell*, 3 Cal.App. 382, 385 [85 P. 932].)

It is, therefore, clear that the finding of the trial court that the land was at no relevant time available for location is correct. Nor was the land at any time available for relocation, a means of obtaining a mining claim which, like location itself, is peculiar to claims upon public lands. There are specific requirements for the relocation of claims among which is the intentional abandonment of the claim by the former owner. (See *Belk* v. *Meagher*, 104 U.S. 279 [26 L.Ed. 735].)

While appellants could not acquire title from the government by way of location or relocation, they could acquire title by adverse possession from respondent who was in the position of a private owner of the Contact mining claim. Respondent acquired his title to the Contact claim by purchase from one who had satisfied the requirements for the location of that mining claim. Respondent had title to the land as a private citizen. This private property title could be divested and taken by another by an adverse use and possession.

*Allen* v. *McKay & Co.*, 120 Cal. 332 [52 P. 828] involved a contention that title could not be obtained by adverse possession against an owner who derived his title by patent from the State of California to lands described as state tidelands. The language of the court at pages 337-338 is applicable to the issue before us: "They [the plaintiffs] rested their cause of action upon a patent from the state. They were out of possession, and had nothing but a paper title upon which to base their action. If they had sufficient title upon which to base the action, then they had a title which could be lost by an adverse possession. If the land in controversy was not private property, plaintiffs had no title. If it was private property, there certainly could be an adverse occupancy of it for the statutory period. Furthermore, this litigation only affects the parties to it. The United States is unaffected by it, and may litigate its claim whenever moved so to do. It was said in *Haynes* v. *Martin*, 45 Cal. 563: 'It is not requisite that the party who relies upon the statute should show that he claims title in hostility to the United States. He may admit title in the United States, either with or without a claim on his part of the right to acquire the title from

the United States, and it is sufficient if he has such possession as is required by the statute, and claims in hostility to the title which the plaintiff establishes in the action.' (See, also, *McManus* v. *O'Sullivan,* 48 Cal. 16.)" (See also *Newman* v. *Cornelius,* 3 Cal.App.3d 279, 289 [83 Cal.Rptr. 435].)

While we found no case where title to a mining claim was acquired from a private owner by adverse possession, the courts, in at least three cases, have discussed the question of whether the various requirements for achieving title by adverse possession had been met. (*Moore* v. *Hoar,* 27 Cal.App. 2d 269, 291 [81 P.2d 226]; *Big Three Min. and Mill. Co.* v. *Hamilton,* 157 Cal. 130, 140-141 [107 P. 301]; and *Crane* v. *French,* 39 Cal.App.2d 642, 647-648 [104 P.2d 53].) In each case, the trial court held that the claimants had not met their burden of proving all the elements of adverse possession. The appellate courts affirmed the decisions, thus suggesting that had the requirements been fulfilled, title could have been achieved by this means.

■ We have concluded that a mining claim which has been perfected pursuant to federal and state statutes is private property and is subject to being taken by the adverse possession of another.

■ We turn to the question of whether appellants established by evidence a title by adverse possession. " 'To establish title by adverse possession, the claimant must establish five elements in connection with his occupancy of the property. [Citations.] (1) Possession must be by actual occupation under such circumstances as to constitute reasonable notice to the owner's title. [Citations.] (2) *Possession must be hostile to the owner's title.* [Citations.] (3) The holder must claim the property as his own, either under color of title, or claim of right. [Citations.] (4) Possession must be continuous and uninterrupted for five years. [Citations.] (5) The possessor must pay all of the taxes levied and assessed upon the property during the period. [Citations.] Unless each one of these elements is established by the evidence, the plaintiff has not acquired title by adverse possession.' (*West* v. *Evans,* 29 Cal.2d 414, 417 [175 P.2d 219]; see *Unger* v. *Mooney,* 63 Cal. 586.)" (Italics added.) (*Newman* v. *Cornelius, supra,* 3 Cal.App.3d 279, 288.)

The trial court in the instant case found that the requirements for adverse possession were not met by the appellants. The relevant findings are as follows: "(13) Each party here at all times prior to the date of the pre-trial conference herein, September 10, 1968, intended to and did recognize the title of the true owner of said disputed area and neither intended, nor asserted any claim of title adverse or hostile to the true owner.

"(14) At no time have defendants or their predecessors in interest been

in possession of said disputed area for a continuous period of five years." Appellants contend that these two findings are not supported by the evidence.

It is concluded that the record does not support the finding that the appellants were not in possession for a continuous period of five years. Mrs. Goff testified that when she and her husband purchased their interest in the Mohawk claim in 1960, lessees of her predecessor in interest were working the Goff Tunnels. The day following the purchase of the Mohawk, on October 4, 1960, appellants moved onto the property with a wheelbarrow, pick and shovel and other tools and commenced developing a new tunnel some 20 or 25 feet from the existing tunnel. Improvements on the mine followed. Appellants bought a tractor and built a road to the tunnel. They then placed a barrier across the road and posted a "Keep Out" sign. Mrs. Goff testified they openly and continuously worked the mine until 1966. Respondent's testimony was consistent on these points. He acknowledged that he knew the Goffs were on the property and does not claim entry by himself until January or February of 1966, at which time he evicted appellants who were in possession. It is undisputed that possession by appellants covered more than a five-year period. Respondent has cited no reference in the record to evidence that possession was interrupted. Therefore, Mrs. Goff's testimony of continuous posssession is also undisputed.

We have concluded, however, that the trial court's finding that possession was not hostile must be upheld because of substantial evidence that appellants intended to recognize the title of only the true owner to the disputed area.

Respondent testified that when he went to ask the appellants to move in February of 1964, Mr. Goff told him that he understood there was some question about the boundary, that they would have a survey and that *"wherever the surveyor put the rightful line, that was it."* (Italics added.) While Mr. Goff's view was not shared by his wife, the parties selected an impartial appraiser, the survey was made and each party shared in the expense. The survey revealed that the disputed area was on respondent's property.

■ Where there is confusion as to the boundary of land and an occupancy under mistake is without intention to claim another's land, the intention being to claim only to the true line wherever it may be, the holding is not adverse. (*Sorensen v. Costa*, 32 Cal.2d 453, 459 [196 P.2d 900]; see also 4 Tiffany, Real Property (3d ed.) § 1159; *Peters v. Gracia*, 110 Cal. 89 [42 P. 455].)

■ The testimony that the survey would settle the question as to

whether appellants or respondent would have title to the property, together with the evidence that the parties carried out their intention by their joint participation in the survey, supports the trial court's conclusion that the hostile holding by appellants therefore was only subsequent to the 1964 survey and not within the five-year requirement for an adverse holding.

The judgment is therefore affirmed.

Draper, P. J., and Caldecott, J., concurred.