### AMANDA CARTWRIGHT V. J. H. PIPES ET AL.

#### No. 720.

1. **Limitation of Ten Years—Character of Possession—Intent.**—That a person in adverse possession of land belonging to another believes that it is public land is a matter that should go to the jury as any other fact showing intent, in order to determine the character of the possession.

2. **Same—Belief that the Land is Public.**—One who has actual possession of land for ten consecutive years, asserting an exclusive and adverse claim thereto hostile to the true owner, acquires the title thereto, even though he mistakenly believes it to be vacant public land.

APPEAL from San Augustine. Tried below before Hon. JAMES T. POLLEY.

*George C. Greer,* for appellant.—1. Occupancy of the land in the belief that it was unclaimed public land did not constitute adverse possession. Satterwhite v. Rosser, 61 Texas, 170; Mhoon v. Cain, 77 Texas, 317; Schleicher v. Gatlin, 85 Texas, 270; Norton v. Collins, 20 S. W. Rep., 1113.

2. An exclusive and adverse claim to land can not exist in the mind of him who thinks it vacant public land.

No brief for appellees reached the Reporter.

GARRETT, CHIEF JUSTICE—Appellees brought this suit against the appellant to recover a tract of 160 acres of land, a part of the John Stewart 640 acres survey, situated in San Augustine County. They pleaded title to the land sued for by virtue of the statute of ten years' limitation.

Defendant pleaded not guilty. Trial was had by a jury, and upon a verdict in their favor plaintiffs had judgment for the land.

*Conclusions of Fact.*—1. Plaintiff Sarah Jane Pipes is the widow of Winsor Pipes, deceased, and plaintiffs James H. Pipes and Sarah C. Pipes are his only children. The land in controversy is 160 acres of the John Stewart 640 acres survey, situated in San Augustine County, and defendant, Amanda Cartwright, has title thereto, unless it is defeated by title in the plaintiffs acquired by limitation through such possession for ten years, as is prescribed by the statute, of their deceased father, Winsor Pipes, with whom they are in privity as surviving wife and heirs and of themselves.

2. About the year 1873 Winsor Pipes bought the improvements of one Lawhorn upon the land in controversy, and moved thereon. He afterwards erected thereon houses, cleared and fenced fields, and made other improvements on the land, and claimed the land and spoke of the place as his home. He resided on the land until the year 1888, when he died, continuously, with the exception of about six months, during which he left his son and daughter in possession, and the plaintiffs have occupied the land ever since.

3. The John Stewart survey was, by the people generally in the neighborhood, for a great many years regarded as a forfeited survey off which the certificate had been floated, and the land covered by it as public land. It was so regarded in 1873 by the people generally. Winsor Pipes up to the day of his death regarded the land as a forfeited survey and public land. In the year 1873 he had the county surveyor of San Augustine County to survey the 160 acres in controversy for him. Winsor Pipes did not have the survey made with the view of buying the land, yet he did not file on it, but talked of preempting it at some future time. Since the death of Winsor Pipes, the plaintiff James H. Pipes has regarded the land as public land.

*Conclusions of Law.*—Appellant contends, that the mere fact that a person in possession of land belonging to another is of the belief that it is public land, or a part of the public domain of the State, makes his possession as a matter of law that of one claiming in subordination and not adversely to the true owner, and cites in support of this

contention the following authorities:  Mhoon v. Cain, 77 Texas, 317; Schleicher v. Gatlin, 85 Texas, 270; Norton v. Collins, 20 S. W. Rep., 1113; Beaumont Lumber Co. v. Ballard, 23 S. W. Rep., 921.  This effect is given to these cases, with the exception of Mhoon v. Cain, by the Court of Civil Appeals in the case of Converse v. Ringer, 6 Texas Civil Appeals, 51.   Yet we are of opinion that none of the cases are authority for the position taken by appellant.  We shall not review them, and only say, that under the facts in Schleicher v. Gatlin, the decision of that case was right, and that the question was not involved in the decision of the other cases.  Our opinion is, that the fact that a person in possession of land belonging to another believes that it is public land, should go to the jury as any other fact showing intent, in order to determine the character of the possession.  While Winsor Pipes believed that the John Stewart survey was a forfeited survey from which the certificate had been floated, and was public land, the character of his possession was such as to be clearly hostile and adverse to the true owner; he claimed that the survey was forfeited; he had surveyed and settled on the land and improved it, claiming it as his own, and called it his home.  He did not disclaim title and avow a purpose to find the true owner and acquire the title from him; he did not even prosecute his right to pre-empt or acquire the land as a homestead.

Such being our view of the law, we see no error in the charge given the jury, that "a person in possession of land, asserting an exclusive and adverse claim thereto, having exclusive use, enjoyment, and occupation of it continuously for ten consecutive years or more, hostile to the true owner, can recover the land under the statute of limitations, even if he is in possession thereof, and holding the same under the mistaken belief that it is vacant land."

The facts did not warrant the giving of the following requested instruction:  "In this case you are further instructed, that if you find that the plaintiffs have had possession of the premises in controversy for the period of ten years, as defined to be necessary in the general charge of this court, but at the same time find that the said plaintiffs and their ancestor, Winsor Pipes, held such possession thereof for the purpose of obtaining a patent thereon as vacant land, and not with the intent to hold the same adversely to the title of any individual owner or the defendant in this case, then you will return a verdict for the defendant, Amanda Cartwright."

It is unnecessary to notice the remaining assignments of error.  We are of the opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Delivered January 10, 1895.