H. HARTMAN v. C. P. HUNTINGTON,

No. 899.

**Limitations—Adverse Possession.**

A possession of patented land, taken only for the purpose of lawfully acquiring title thereto from the State by pre-emption, under the belief that it is vacant

public domain, is not, of itself alone, sufficient evidence of the assertion of a claim adverse to the rights of the true owner to support the statute of limitation.

APPEAL from Liberty. Tried below before Hon. L. B. HIGHTOWER.

*Stevens & Vasmer,* for appellant.

*T. D. Cobbs,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Action of trespass to try title by appellee against appellant and another (who disclaimed) to recover a tract of 1041 acres of land of which Matthew S. Miller was the original grantee. Appellant disclaimed as to all of the tract except 160 acres, known as the James Ducett place, as to which he pleaded title in himself, and also outstanding title in the heirs of James Ducett, under the statute of ten years limitation. It was conceded that plaintiff (appellee), had title unless defeated as to the 160 acres by the possession of James Ducett. The facts found by the trial judge show that James Ducett entered upon the 160 acres in 1867, supposing it to be vacant and intending to acquire it as a pre-emption, and remained in possession of it until his death, which occurred in 1885. After his death, the improvements, but not the land, were sold by his administrator and purchased by a party who sold them to appellant. This was the only claim appellant had until after the institution of this suit, in 1894, when he procured a deed from two of the heirs of Ducett for their interests, reciting a consideration of five dollars, the other heirs refusing to convey, but at the same time claiming that the land belonged to them.

After his entry, in 1867, Ducett built upon the land a dwelling house, barn, horse lot, etc., and fenced and put in cultivation a field of about twenty-five acres and enclosed a pasture of about the same size. The evidence established the fact that during the whole of the time he held possession, he supposed the land to be vacant and asserted no other right or claim to it than as a pre-emptor. A witness stated that he had heard Ducett say he claimed title by limitation, but when this was, is not stated. There is nothing to indicate that the heirs or administrator of Ducett, after his death, asserted any claim to the land except as above stated. Under these circumstances the court below found as a fact that Ducett did not assert claim to the land hostile to the true owner and that his possession was not adverse.

The only question presented on this appeal is, whether or not the holding of the court below, that Ducett's possession was not adverse, is sustained by the facts.

The question whether or not a possession is adverse to the owner of the land is mainly one of fact. If a particular holding is adverse in law, it is so because it is adverse in fact; and all that is necessary in order to reach a correct decision of such a question is to give to the facts in evidence their proper effect, to determine just what they prove. Or-

dinarily, when a person in possession of land is shown to have used and enjoyed it as owners of lands usually do, the natural inference is that his possession was taken and held for himself as owner, and that it was "therefore inconsistent with and hostile to the claim of another." This inference prevails unless something else is shown to qualify and explain the possession. When it is shown that in entering and holding possession, the possessor did not claim the land, but intended to acquire the title from the State, which he believed to be the owner, the inference of the assertion of a claim of his own, as against the true owner, is rebutted. His possession is affirmatively shown not to have been adverse to the State, in recognition of whose title it is held. It may still have been hostile to the claim of any other person, but not necessarily so. His act, in taking and holding the possession, under such circumstances, does not show that it was; for all that it expresses is the purpose to acquire the title lawfully, from the source from which he supposed it must come. What his purpose was, and what claim he proposed to assert in case the land should turn out to belong to some one else than the State, are questions which his acts leave open. But a possession, to be sufficient to satisfy the statute of limitation, must be unequivocally adverse, at least to the real owner. It may, under some circumstances, be held in subordination to one and in hostility to another; but a possession taken only for the purpose of lawfully acquiring title from the State, under the belief that the land still belongs to the State, is not of and by itself evidence of the fact that the possessor intends thereby to assert a claim to it against the owner, if in truth it should be found to belong to another; and if such be the nature of his claim, he must furnish some other evidence of the fact than his mere possession. It is true that such a possession is, as against the true owner, a trespass, and wrongful; but a wrongful possession is not necessarily an adverse possession. Any person who squats upon and uses the land of another, with no purpose to claim it, is a trespasser and a wrongdoer, but his possession is not therefore adverse. In the case of Cartwright v. Pipes, 29 S. W. Rep., 690, the views of this court upon this question are expressed, and that case furnishes an illustration of a possession shown to have been adverse, nothwithstanding the fact that the party entered believing the land to be vacant and intending to pre-empt it. It was also shown that he knew of the claim which proved to be valid, and that he denied the right of the parties claiming under that grant, and claimed the land against it. Here, all that is relied upon is the fact of possession explained and qualified by the fact that the possessor supposed the land to belong to the State, and intended to acquire it lawfully. No facts are shown, beyond the length and character of the possession, tending to prove the existence of a claim, on Ducett's part, of the land against the true owner for a time long enough to give him title by ten years limitation; and the facts that the improvements, without the land, were sold, that no claim is shown to have been asserted by those who succeeded to his rights for years after his death, and that two of his heirs released their

claim to the purchaser of the improvements for a merely nominal consideration, all tend to show that no claim to the land itself was asserted. The evidence, therefore, warranted in finding that the possession of Ducett was not adverse to the owner of the land.

In order to obtain title to land under the pre-emption laws, it has always been necessary to take prescribed steps within periods of time fixed by statute. It does not appear that any of these steps were taken by Ducett; but he remained in possession using the land for about eighteen or nineteen years. While the facts support the finding of the trial judge, we think these circumstances furnish some evidence that, while Ducett entered with the purpose mentioned, he may have subsequently abandoned it and intended to rely upon his possession as giving title by limitation. A possession which, in its incipiency, does not appear to have been adverse, may acquire that character from the subsequent attitude or conduct of the possessor; and it may be that a possession taken only with the intent to pre-empt might be held so long, without effort to acquire the title under the law, as to afford sufficient evidence that such purpose had been abandoned and an adverse claim set up for a sufficient time to give title.

We cannot say that the evidence in this case was such as to require the court to so hold with reference to this possession, and hence conclude that the judgment should be affirmed.

*Affirmed.*

Delivered September 19th, 1895.

Writ of error refused.