### J. E. & A. E. LONGLEY ET AL. V. HENRY WARREN.

#### No. 1968.

**Limitation of Ten Years—Adverse Possession of Land Supposed to be Public Domain.**

One who has settled upon land under the homestead donation statute, erroneously believing it to be vacant public domain, can interpose ten years of such occupancy as a bar to the suit of a previous location under a valid certificate, the land remaining unpatented. Schleicher v. Gatlin, 85 Texas, 270, in so far as it may appear to be in conflict with this case, not followed.

APPEAL from Jack. Tried below before Hon. J. W. PATTERSON.

*Jones & Gilliland,* for appellants.

*G. A. McCall,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The only controverted issue in this case is one of law, to-wit, whether one who has settled upon a quarter section of land as provided by our homestead donation statute, erroneously believing it to be vacant public domain, can interpose ten years of such occupancy as a bar to the suit of a previous locator under a valid certificate, the land remaining unpatented?

That he can not seems to have been decided in Schleicher v. Gatlin, 85 Texas, 270; but in Converse v. Ringer, 24 S. W. Rep., 705, the contrary was held by the Court of the Third District, and the able opinion of Chief Justice Fisher in that case seems to us to announce the true construction of our ten years' statute of limitation. In addition to the reasons there given, we call attention to art. 3198, Rev. Stats., defining "adverse possession" to be "an actual and visible appropriation of the land, commenced and continued under claim of right inconsistent with and hostile to the claim of another." The right of the State is expressly excluded from the operation of the statute. Article 3200.

The sworn application of the settler must state that he claims the land for himself. Rev. Stats., art. 3195. In this case the actual settlers, besides their applications and surveys, made permanent and valuable improvements on the land, as found by the verdict, and manifested unmistakably their several appropriations of the land "commenced and continued under claim of right (with boundaries designated as provided in art. 3195) inconsistent with and hostile to the claim of another" (appellee), and of all others whose rights might be affected by the operation of

the statute. The State excepted, the possession was undoubtedly adverse to all the world. The statute only requires it to be adverse to "another," which, however broad its meaning, evidently was not intended to apply to the State.

The evidence of such adverse possession for more than ten years being undisputed, the court might properly have instructed the jury to return a verdict for appellants. At all events, the refusal to submit the issue, to which error is assigned, in the view we take of the law, requires the judgment to be reversed. The learned district judge doubtless felt constrained to the course pursued by the decision adopted by our Supreme Court in the Schleicher-Gatlin case, supra, citing other cases, which, however, when critically examined, will be found not to sustain it.

Taking it for granted that appellee would not desire to have the cause remanded, we not only reverse, but here render the judgment against him, in order that there may be an end to the litigation.

*Reversed and rendered.*

Delivered October 26, 1895.

### ON MOTION FOR REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—This motion insists that until reversed by the Supreme Court, the decision in the Schleicher-Gatlin case is conclusive upon this court.

It will be noted that the opinion in that case was written by Judge Garrett, the present Chief Justice of the Court of Civil Appeals for the First District, who was then the presiding judge of the commission rendering the decision. In the recent case of Cartwright v. Pipes, 29 S. W. Rep., 690, overlooked when our opinion was filed, Chief Justice Garrett, speaking for the court, maintains that the decision in the Schleicher-Gatlin case was right on the facts of that case, but insists that it is not authority, as indicated in the opinion of Chief Justice Fisher in the Converse-Ringer case, for the position that the mere fact that a person in possession of land belonging to another is of the belief that it is vacant public land, makes his possession, as a matter of law, that of one claiming in subordination and not adversely. A charge was there approved to the effect that ten years' adverse possession of land hostile to the true owner would confer title on such possessor, though he held the land under the mistaken belief that it was vacant. If, then, the judge who wrote the opinion in the case be correct in the interpretation so given, there is no necessary conflict between that decision and the one here rendered. In this connection, see Hearne v. Gillett, 62 Texas, 27.

But if the interpretation of Judge Fisher, also a member of the commission at the time the case was decided, be accepted, the rule announced seems now to be disapproved by all the judges then composing the commission, the Chief Justice of this court having been the other member.

We do not, therefore, feel constrained by that decision to approve a judgment which seems to us to be clearly erroneous. The still more recent decision of the Court of Civil Appeals at Galveston in the case of Hartman v. Huntington, 32 S. W. Rep., 562, is in line with our conclusion in this case that the court erred in refusing to submit the issue of adverse possession, though it may not accord with our action in here rendering judgment for appellants. But of this action we do not understand appellee to complain, provided the reversal of the judgment was proper, the facts being undisputed and admitting of but one reasonable interpretation.

We therefore still approve the disposition made of the case, and overrule the motion.

*Overruled.*

Delivered December 20, 1895.

Writ of error refused.