W. F. FLEWELLEN ET AL. v. EATONTON RANDALL ET AL.

Decided May 1, 1903.

**Adverse Possession—Patented Land Supposed Vacant.**

Where defendant, supposing certain land which was in fact patented to be vacant public domain, took possession thereof with the intention of acquiring it from the State, his possession so continued for ten years did not give him title by limitation as against the true owner, since it was not adverse to all the world. Following Blum Land Co. v. Rogers, 11 Texas Civ. App., 184.

Appeal from the District Court of Smith. Tried below before Hon. J. Gordon Russell.

*C. G. White,* for appellants.

*F. J. McCord,* for appellees.

GILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the appellants, W. F. Flewellen and his coplaintiffs, against the appellees, Eatonton Randall, J. L. Landies, George W. Cowan and B. F. Read, for the recovery of 67 acres of land. The defendants pleaded not guilty, and Eatonton Randall claimed the entire tract under a plea of limitation of ten years.

A trial before the court without a jury resulted in a judgment in favor

of Eatonton Randall, from which the plaintiffs have appealed. The other defendants do not complain of the judgment as to them. The trial court found that the record title to the land sued for was in the plaintiffs as heirs and devisees of Thomas Flewellen, deceased, to whom the land was patented, but that defendant Randall had acquired the title by limitation of ten years.

The facts, which are practically undisputed, are as follows: Thomas Flewellen owned the land as patentee. Randall married a widow who owned the land adjoining. He and his wife lived on this adjoining land, which was improved. Randall and Flewellen were neighbors and acquaintances. Both supposed that the 67-acre tract was vacant public land, and on the suggestion of Thomas Flewellen, Randall entered upon the land with the intention of acquiring it from the State. It does not appear, however, that he ever did anything in this direction more than to fence and cultivate about 20 acres of the tract. This character of possession, use and enjoyment continued for more than ten years, all the parties believing the title to be in the State until a short time prior to this suit. The possession of Randall was open, and his purpose thus to acquire the entire tract was notorious. It was particularly known to both the plaintiffs and their ancestor, and the claim of Randall was adverse to all the world except the supposed owner.

Under this state of facts the appellants contend that such a claim will not support the ten years statute, and that nothing short of an adverse claim against the entire world and assertion of ownership in the occupant will suffice. The appellee contends that the possession thus shown by the appellee was adverse, under the definition of adverse possession which prevails in this State, and cites Portis v. Hill, 14 Texas, 69. The opinion in the case cited contains an expression which appears to support the contention of appellee, but as the facts are very meagerly stated, and Justice Wheeler disposed of the point without elaboration or citation of authority, it is difficult to determine the just value of the decision upon the point here at issue. The case of Converse v. Ringer, 6 Texas Civ. App., 51, 24 S. W. Rep., 705, is directly in point for appellees, but Justice H. Clay Pleasants, speaking for this court in Blum Land Co. v. Rogers, 11 Texas Civ. App., 184, distinctly declined to follow Ringer's case, and on a state of facts almost exactly parallel with the case at bar, announced the rule that naked possession, to avail the occupant, must be adverse to all the world. In the opinion the Texas cases are cited. In view of the conflict in that and the Ringer case we would certify the question to the Supreme Court, but writ of error was refused in the Rogers case, and, as but one question was involved, we take it the doctrine there announced received the approval of our Supreme Court. Following that case we hold that the judgment of the trial court is erroneous, and the facts, as stated, having been found by the trial court the judgment is reversed, and judgment is here rendered in favor of appellants.

*Reversed and rendered.*