VILLAGE MILLS COMPANY ET AL. v. JULIUS MANLEY.

Decided March 28, 1906.

**1.—Possession of Patented Land Believing Same to be Vacant—Limitation.**

The fact that one takes possession of patented or titled land under the mistaken belief that it is vacant and with the purpose of acquiring title thereto from the State, does not prevent the ten years' statute of limitation from running in his favor against the owner of the land.

**2.—Same.**

Conflict in decisions noted. Price v. Eardsley, 77 S. W. Rep., 416, followed.

Appeal from the District Court of Tyler County. Tried below before Hon. W. P. Nicks.

*T. C. Mann,* for appellant.

*V. A. Collins,* for appellee.

GILL, Chief Justice.—This suit was brought by Julius Manley in the form of trespass to try title to recover 160 acres of the Nancy Skillern league. During the pendency of the suit in the trial court there were several parties made defendant, but by successive amend-

ments by plaintiff, and the ruling of the trial court upon pleas and motions, all the defendants were eliminated except A. F. Kountze. As no point is made as to any other of the defendants they will not be further mentioned.

Manley claims the land by ten years limitation, conceding that, but for limitation, the title would be in Kountze. The defense was general denial and not guilty.

A trial to the court without a jury resulted in a judgment in favor of plaintiff for 80½ acres of land by specific description, the demand having been reduced to a specific tract of that acreage by the plaintiff's last amendment.

Kountze has appealed, and makes two points against the judgment: First, the plaintiff having entered and held the land in the erroneous belief that it was vacant public land, it was error to adjudge that such a holding constituted adverse possession against the true owner. Second, the judgment is unsupported by the evidence, because the record fails to show uninterrupted possession for ten years.

As to the character of the entry and holding of the plaintiff the evidence is undisputed. It was agreed in effect that, but for such title as the plaintiff might show by limitation, the appellant held the title to the land, and that plaintiff had never had title otherwise to any part of the league.

In 1866 appellee entered upon the land, purchasing certain improvements thereon from one Tom Allison. He understood and believed at the time that the land was vacant, unappropriated public domain, and intended to preempt 160 acres thereof and procure title from the State. That for this purpose he had it surveyed in 1871. Upon his entry he took actual possession of 80½ acres, and this possession continued until 1894. In the year last named he moved off, leaving his holdings in charge of George Allison, who at different times thereafter had tenants on the place.

In 1876 Manley learned, or was informed, that the land was a part of the Nancy Skillern league.

In 1891 he had a resurvey of the land made, so as to take in a small strip of land which was in fact public land.

These efforts to procure title to the land were carried to the Land Office, and the records of that office show that as late as 1900 the efforts were continued, but patent was finally refused on the ground that the field notes conflicted with an older survey.

There is evidence to support the conclusion that when Manley was informed in 1876 that the land he held was on the Skillern survey, though he from time to time continued his efforts to procure the title from the State, he nevertheless decided that if the information proved true he would get title by limitation. His claim was hostile to all the world except the State. His possession, use and occupation was shown to be continuous from 1866 until 1894. He had improved the land by construction of houses and enclosures, and, though his possession since has not been continuous, it has been practically uninterrupted.

Appellants, in support of the proposition that one can not support the plea of limitation of ten years by proof of occupancy of land under

the mistaken belief that it is vacant land, and with a purpose to acquire it from the State, cite: Blum v. Rogers (11 Texas Civ. App., 184); Hartman v. Huntington (11 Texas Civ. App., 132); Flewellen v. Randall (74 S. W. Rep., 49), and Whitaker v. Thayer (12 Texas Ct. Rep., 653.) More than one of these cases appear directly to support the proposition.

Opposed to it are Converse v. Ringer (6 Texas Civ. App., 58); Longley v. Warren (11 Texas Civ. App., 269), and Price v. Eardley (77 S. W. Rep., 416).

In Blum v. Rogers, *supra,* the doctrine announced in Converse v. Ringer, *supra,* was pronounced unsound, and the court refused to follow it. The facts were undisputed, and there was but one question in the case. It met with the apparent approval of the Supreme Court, writ of error having been refused. It was followed by this court in Flewellen v. Randall upon practically the same facts. The latter case was not carried beyond this court.

In Longley v. Warren the Court of Civil Appeals of the Second District, in an able opinion by Justice Stephens, reaffirms the doctrine of Converse v. Ringer, *supra,* and writ of error was refused in that case.

We shall not undertake to reconcile the authorities, but shall follow the case of Price v. Eardley (77 S. W. Rep., 416), in which Justice Fly, for the San Antonio court, reviews the conflicting opinions. It is there held that, where one enters upon land believing it to be vacant, and with a purpose to acquire it from the State, and follows up that purpose by lawful efforts to acquire title thereto from the State, and the other evidence shows that his holding was hostile against all the world except the State, he acquires the title by limitation if such holding is shown to have been for the requisite length of time. Justice Fly expresses the view that, notwithstanding the apparent conflict of opinion, the other cases were decided rightly upon the facts. The history of the question, as disclosed by the various cases in which, in one way or another, it was involved, is peculiar and interesting, but it would serve no useful purpose to undertake to supplement the opinion of Justice Fly in Eardley's case, *supra.* The conclusion in that case appears to have received the approval of the Supreme Court, as writ of error was refused, and the distinctions therein pointed out are doubtless sound.

The judgment of the trial court in this cause must therefore be affirmed, unless it appears, as contended by appellant, that there was a break in appellee's possession, and we have disposed of the assignment addressed to that point in stating the facts. The judgment is affirmed.

*Affirmed.*