## MANDELBAUM v. LOONEY MERCANTILE CO. (No. 7045.)

Court of Civil Appeals of Texas. Austin.
March 16, 1927.

1. **Adverse possession** ⊂⊃114(1)—In suit in trespass to try title, evidence held to show title by adverse possession, under ten-year statute of limitations.

Evidence *held* to show adverse possession sufficient to establish title, under ten-year statute of limitations, in suit in trespass to try title.

2. **Adverse possession** ⊂⊃48—Use of property for storing junk with occupant's permission held not to interrupt continuity of occupant's adverse use.

Use of property for storing of junk by junk dealer, without claim thereto and with permission of occupant, *held* not to interrupt occupant's possession; use allowed being merely permissive.

3. **Adverse possession** ⊂⊃31—Notice of adverse claim arising from registration, occupation, and use of property and paying taxes is generally sufficient.

Acts of parties claiming title, being sufficient to establish open and notorious possession where apprising adverse claimant of adverse holding, registration of claim, occupation and use of property, and paying taxes thereon, are generally sufficient to give notice.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by the Looney Mercantile Company against Charles Mandelbaum, in which defendant filed a cross-action. Judgment for plaintiff, and defendant appeals. Affirmed.

E. M. Davis and Wilkinson & Wilkinson, all of Brownwood, for appellant.

R. E. Lee, of Brownwood, for appellee.

BLAIR, J. [1] Appellee sued appellant in trespass to try title to recover lots Nos. 1, 2, 3, 4, 6, 7, and 8, in block No. 17, of Brownwood Proper, Brown county, Tex., and especially claimed title under both the five and ten years' statutes of limitation. Appellant pleaded not guilty and filed a cross-action in trespass to try title against appellee. A trial to a jury upon special issues sustained appellee's claim of title under both the five and ten years' statutes of limitation, and judgment was rendered in its favor for the land in suit. The sole attack upon the verdict and judgment awarding the property to appellee under the ten years' statute of limitation is that the evidence wholly fails to support such claim of title. We do not sustain the contention.

Block 17 in Brownwood Proper is composed of eight lots, No. 5 of which is not here involved. Appellee, or those under whom it claims title, purchased the property by deeds dated in May, 1913, and filed and recorded in the deed records of Brown county, during the same month and year. It was purchased with the view of establishing a marketing square, and to that end some four or five houses then located on the property were removed and the lots were then offered to the city of Brownwood for a marketing square, but rejected because they were too low. It was then used by appellee as a cotton yard for either the year 1913 or 1914, but an overflow came that fall, and, as stated by witness J. R. Looney of appellee company, "ruined it as a cotton yard, and after that we began to fill it to use it for other purposes." Each year thereafter appellee continued to fill in the lots and used a substantial portion of each lot on which to store either new farm machinery or to store old or secondhand wagons and farm machinery, and the property was used generally in connection with the business of appellee, Looney Mercantile Company, which was engaged in the general mercantile business, each year until the filing of this suit, May 4, 1925. On a part of the lots appellee constructed a warehouse some two or three years before this suit was filed. Appellee, or those under whom it claimed title, paid the taxes for 1913 and for each year thereafter before they became delinquent. About three

years before the filing of this suit appellant located his "junk" business on property adjoining block 17, and began using parts of lots 1, 2, 3, 4, and 8 on which to store his junk, such as old iron, rubber, and bones. Some two or three months thereafter witness J. R. Looney, a member of the mercantile company, testified that he called on appellant to see why he was using the ground, at which time appellant denied having any claim to the property and asked permission to use the property for storing his junk, and witness further testified:

"I told him that I had no objection to his using a portion of this property to pile his junk on, provided he would help fill up the ditches and low places on same, and he agreed to do this. At the time I had this conversation with the defendant, I told him I owned and claimed all of block 17, except the lot in the northwest corner of the block. As stated yesterday, I used this block of land continuously in various and sundry ways, after buying same in 1913, up to the present time, and never heard that defendant was making any claim thereto until my return from Colorado the latter part of August, 1924. I gave him (defendant) permission to occupy a portion of this property; that was about four years ago. Nobody other than myself or the Looney Mercantile Company has claimed this property since the time we received deeds to the same."

[2, 3] Under these facts any use of the premises by appellant was permissive and we are of the opinion that the evidence fully supports the jury's verdict and shows such adverse, continuous, and exclusive possession of the said lots and property as is required by law to establish title thereto under the ten years' statute of limitation. The only complaint appellant makes against the evidence is that it is too vague and indefinite to show open and notorious possession. The rule or test applied by the following authorities to determine this question is that the acts of the party claiming title are sufficient when they apprise the adverse claimant of the adverse holding, and registration of the adverse claim, occupation and use of the property, and paying taxes thereon are usually held sufficient to give notice of the adverse claim. Thompson v. Richardson (Tex. Com. App.) 221 S. W. 952; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; T. & N. O. R. Co. v. Broom, 53 Tex. Civ. App. 78, 114 S. W. 655; Kimbro v. Hamilton, 28 Tex. 563; Houston Oil Co. v. Holland (Tex. Civ. App.) 196 S. W. 668; Hunter v. Malone, 49 Tex. Civ. App. 116, 108 S. W. 709; O'Hanlon v. Morrison (Tex. Civ. App.) 187 S. W. 693; Temple Lumber Co. v. McFarland (Tex. Civ. App.) 264 S. W. 298; Houston Oil Co. v. Holland (Tex. Civ. App.) 196 S. W. 668; Carlock v. Willard (Tex. Civ. App.) 149 S. W. 363; Houston Oil Co. v. Brown (Tex. Civ. App.) 202 S. W. 102; Houston Oil Co. v. Jones, 109 Tex. 89, 198 S. W. 290;

Brown v. Fisher (Tex. Civ. App.) 193 S. W. 357–362; Petty v. Griffin (Tex. Civ. App.) 241 S. W. 252; Price v. Eardley, 34 Tex. Civ. App. 60, 77 S. W. 416; Village Mills Co. v. Houston Oil Co. (Tex. Civ. App.) 186 S. W. 799; Houston Oil Co. v. Choate (Tex. Com. App.) 232 S. W. 285; Hirsch v. Patton, 49 Tex. Civ. App. 499, 108 S. W. 1015; White v. Eavenson, 46 Tex. Civ. App. 158, 101 S. W. 1029; Wichita Valley R. Co. v. Somerville (Tex. Civ. App.) 179 S. W. 675; Billingsley v. Houston Oil Co. (Tex. Civ. App.) 182 S. W. 373. Or, as is said in Billingsley v. Houston Oil Company, supra, quoting with approval the following from 1 R. C. L. 674:

"No particular act, or series of acts, is necessary to demonstrate an intention to claim ownership. * * * From what has been stated heretofore it is evident that, in determining what will amount to an actual possession of land, considerable importance must be attached to its nature and the uses to which it can be applied, or to which the claimant may choose to apply it. What is adverse possession is one thing in a populous country, another thing in a sparsely settled one, and still a different thing in a town or village."

We submit that, when the evidence above detailed is tested by these rules, it is sufficient to sustain the jury's verdict and the judgment based thereon with reference to the claim of title under the ten years' statute of limitation.

The jury also sustained appellee's title under the five years' statute of limitation, but since there are some serious questions raised concerning the sufficiency of the description of at least a portion of the land contained in the deeds, and since appellee's brief filed herein only defends title under the ten years' statute of limitation, we will not discuss these questions, and affirm the judgment as sustaining appellee's title to the property under the ten years' statute of limitation.

Affirmed.